## THE SODUS BAY AND CORNING RAILROAD COMPANY, PLAINTIFF, *v.* GEORGE H. LAPHAM, DEFENDANT.

*Incorporation of a company for building a railroad — when it will cease to exist by reason of a failure to build and put in operation its road — 1850, chap. 140, as amended by 1867, chap. 775 — the act of 1879, chap. 350, did not revive a corporation after it had, by reason of its property having been sold under foreclosure, lost its right and power to build its road.*

MOTION by plaintiff for a judgment, upon a verdict directed by the court at the Steuben Circuit, subject to the opinion of the court at General Term.

This action was brought to recover the amount of the defendant's subscription to the capital stock of the plaintiff. It appears, from the stipulated facts in the case, that, in the year 1870, several printed captions, in the form of articles of association, were sent out to different towns and localities along the line of the proposed railroad, with a view to obtaining signatures and subscriptions thereto, for the purpose of forming articles of incorporation; that one of such papers was subscribed by the defendant in this action, and was delivered to one of the proposed directors; that these papers were subsequently gathered up, the caption cut off from all except one,

and the names subscribed to the other papers attached thereto, and the same was, on the 17th day of July, 1870, filed in the office of the secretary of state, as the plaintiff's articles of incorporation.

It further appears that on or about the 1st day of March, 1872, the plaintiff executed and delivered a mortgage to the Farmers' Loan and Trust Company, of the city of New York, in trust for the persons who should become the owners of the bonds of the plaintiff, issued by it, not exceeding in number 1,500, of $1,000 each. The mortgage, so executed, covered all and singular its railroad, then or thereafter to be constructed, together with the real estate, railways, switches, turn-outs, sidings, rails, bridges, piers, fences, right of way, privileges, rights, franchises and property which the plaintiff then had, or which it should thereafter acquire, own or be entitled to; that thereafter an action was brought by and on behalf of the Farmers' Loan and Trust Company, against the Sodus Bay and Corning Railroad Company, for a foreclosure of this mortgage, and such proceedings were thereupon had that a judgment was entered therein, and a sale of the mortgaged property was made thereunder June 23, 1876, to one Edgar Munson. It further appears that the road has never been constructed.

The court at General Term, after considering other objections, said: "This action was tried January 4, 1882. The supplemental answer alleges that the plaintiff has ceased to exist as a corporation. The statute provides that 'if any corporation formed under an act entitled " An act to authorize the formation of railroad corporations, and to regulate the same," passed April 2, 1850, shall not, within five years after its articles of assocition are filed and recorded in the office of the secretary of state, begin the construction of its road, and expend thereon ten per cent on the amount of its capital, or shall not furnish its road and put it in operation in ten years from the time of filing its articles of association as aforesaid, its corporate existence and powers shall cease.' (Laws of 1850, chap. 140, as amended, Laws of 1867, chap. 775.) As we have seen, the articles of association were filed in the office of the secretary of state, on the 17th day of June, 1870. The ten years within which the road was to be finished and put in operation expired June 17, 1880. It would, therefore, appear that at the time of the trial the plaintiff, as a corporation, had, by the express terms of the statute,

ceased to exist. But it may be contended that the time within which the plaintiff was to construct its road has been extended by chapter 350, Laws of 1879. That act provides that: 'Any existing railroad company heretofore organized or incorporated under the laws of this State, except such as may have been organized for the purpose of constructing or operating a railroad in the city of New York, which may be unable, from any cause, to construct its railroad within the time specified by its charter or articles of association, shall hereby have the time for the completion of the railroad it was authorized to construct, extended for a further term of two years beyond the time heretofore limited; and failure to construct its railroad within the time heretofore limited shall not cause a forfeiture of its corporate powers; but nothing herein contained shall have the effect to revive any corporation whose corporate power has been forfeited from any cause.'

"If the plaintiff is within the provisions of this statute, then its time would be extended two years, and would not have expired until June 17, 1882. But it will be observed by the concluding clause of the statute that 'nothing herein contained shall have the effect to revive any corporation whose corporate power has been forfeited for any cause.' At this time the plaintiff's mortgage, as we have seen, had already been foreclosed, and all its property, rights and franchises had been sold and disposed of, so that it was absolutely powerless to construct the road thereafter. The foreclosure and sale worked a forfeiture of its right to thereafter build and operate the road. That right was vested in the purchaser, its corporate power in that regard had terminated, and consequently it was not brought within the provision of the statute.

"It follows that the motion for judgment on the part of the plaintiff must be denied, and judgment ordered for the defendant, dismissing the plaintiff's complaint upon the merits.'

*Ralph T. Wood,* for the plaintiff.

*John T. Knox,* for the defendant.

Opinion by HAIGHT, J.; LEWIS and BRADLEY, JJ., concurred.

Motion for judgment on the part of the plaintiff denied, and judgment ordered for the defendant, dismissing the plaintiff's complaint on the merits.